UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRUCE KING,

       Petitioner,

  - against -

WILLIAM E. PHILLIPS,

       Respondent.
----------------------------------------------------------X

ORDER

03-CV-6073 (NGG)

GARAUFIS, United States District Judge.

       On May 18, 2004, I ordered respondent William E. Phillips ("respondent") to show cause why petitioner Bruce King's ("King") petition for a writ of habeas corpus should not be granted. The respondent did not respond to this order until March 21, 2005, at which point he submitted a brief letter asserting that none of King's claims have been exhausted and urging this court to deny King's application for a stay that would allow him to exhaust his claims in state court. King's request for a stay is denied for the reasons set forth in my Order of May 3, 2005, which addressed a request for a stay filed King with respect to a separate habeas petition pending before this court. See King v. Phillips, No. 03-CV-6045. However, respondent's motion to dismiss the petition in its entirety is also denied because King has exhausted at least one of the claims presented in this petition, and may have exhausted others as well.

       King contends that his speedy trial claim was exhausted properly in his direct appeal, an assertion which is clearly supported by the explicit rejection of that claim by the Appellate Division. See People v. King, 293 A.D. 2d 628 (App. Div. 2nd Dep't 2002) ("Contrary to the

1

defendant's contention, he was not denied his right to a speedy trial.") King then sought leave to appeal this decision to the Court of Appeals, which rejected his request without comment. People v. King, 776 N.E.2d 6 (N.Y. 2002). King thus gave the New York courts a fair opportunity to act on his speedy trial claim, thereby satisfying the exhaustion requirement of 28 U.S.C. § 2254(c). See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).

There also appears to be some overlap between several of the other claims that King raised on direct appeal and those contained in King's withdrawn Article 440 motion. Specifically, King has asserted that he raised claims in his direct appeal relating to (1) prosecutorial misconduct, (2) flawed jury instructions, and (3) ineffective assistance of his trial counsel. Thus, to the extent that the claims in King's petition overlap with those raised on direct appeal before the Appellate Division and Court of Appeals, they also have been exhausted. However, this court is unable to come to any conclusion concerning whether, apart from his speedy trial claim, any of King's habeas claims actually have been exhausted because King's appellate briefs presently are not before the court.

Respondent is therefore ordered to respond to King's petition within thirty (30) days of the date of this Order. Specifically, the respondent is directed to (1) respond to the merits of King's speedy trial claim, (2) brief the issue of the extent to which King exhausted the remaining claims contained in his habeas petition through his direct appeal and respond to the merits of any exhausted claims, and (3) provide this court with the complete state court record relating to the conviction challenged by King in this petition. Upon receipt of the respondent's brief, King will have sixty (60) days to reply to the respondent's discussion of the merits of his claims and/or the extent to which he exhausted the claims in his petition by presenting them to the Appellate

Division and Court of Appeals.

Additionally, King's request for an evidentiary hearing, as stated in a supplemental submission dated November 9, 2004, is denied without prejudice.  King may renew his request once this court has determined which of his claims have been exhausted, and thus whether an evidentiary hearing will be required to resolve the issues raised in King's petition.


SO ORDERED.


Dated: June 27, 2005 \_\_\_\_\_/s/_____
      Brooklyn, N.Y. Nicholas G. Garaufis
      United States District Judge