UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X
BRUCE KING,

                Petitioner,                              MEMORANDUM & ORDER
                                                     03-CV-6073 (NGG)
           - against -

WILLIAM E. PHILLIPS, Superintendent,
Green Haven Correctional Facility,

                Respondent.
-----------------------------------------------------X
GARAUFIS, United States District Judge.

## I. INTRODUCTION

In the instant motion, Petitioner Bruce King ("Petitioner" or "King") moves for a reconsideration of his application for a stay and abeyance, to amend his Petition, and for an extension of time to respond to Respondent Attorney's August 23, 2005 Affidavit and Memorandum of Law. For the reasons set forth below, Petitioner's request for a stay and abeyance is DENIED. Petitioner's request to amend his Petition is DENIED in part and ALLOWED in part. Finally, Petitioner's request for an extension of time is ALLOWED.

## II. BACKGROUND

Knowledge of the factual background of this Petition is presumed. On August 19, 1997, a judgment of conviction was entered against Petitioner in Queens County Supreme Court. Petitioner appealed this judgment to the New York State Appellate Division, Second Department, which affirmed his conviction on April 15, 2002. People v. King, 291 A.D.2d 413 (2d Dep't. 2002). Petitioner thereafter sought leave to appeal to the New York Court of Appeals,

and was denied on July 12, 2002. People v. King, 98 N.Y.2d 677 (2002). Petitioner then filed a motion to set aside the verdict in his case pursuant to New York Criminal Procedure Law § 440 ("440 motion"). The Appellate Division dismissed his 440 motion without prejudice on November 6, 2003 in order for the Petitioner to supply exhibits and memorandum of law that were relied on in his application but not included in the submission. On November 21, 2003, Petitioner moved to re-argue the 440 motion. After Petitioner's motion to re-argue was placed on the motion calendar, Petitioner withdrew the motion and stated that he would re-submit his 440 motion to vacate with a complete set of papers. However, instead of first re-submitting his motion to vacate, Petitioner filed the instant Petition for habeas corpus in this court on September 11, 2003.[1]

Petitioner seeks habeas relief on four grounds in his original Petition. First, Petitioner alleges that he was deprived of the opportunity to challenge his purported unlawful arrest, illegal detention, unconstitutional search, and suggestive identification procedure. Second, Petitioner claims that he was deprived of a fair trial due to misconduct by the Prosecutor and the police, and the Prosecutor's "subversion" of facts regarding Petitioner's arrest and identification procedure. Third, Petitioner argues that his conviction was obtained by the Prosecutor's use of false evidence and his counsel's ineffective representation. Fourth, Petitioner urged that his right to a speedy trial was violated; that the trial jury was wrongfully influenced by the prosecution at trial; and that his Sixth Amendment Confrontation Clause rights were violated at trial.

After filing the habeas corpus Petition, Petitioner then re-submitted his 440 motion to vacate on May 31, 2005, with accompanying exhibits and memoranda. In a letter dated June 7,

---

[1] Petitioner originally filed the Petition in the Southern District of New York; the Petitioner was transferred to this District on November 15, 2003.

2005, Petitioner notified this court of his resubmitted 440 motion to vacate and requested a stay

and abeyance to exhaust these unexhausted claims.

On June 27, 2005, I issued an Order that, among other things, denied without prejudice

Petitioner's application for a stay and abeyance that would have allowed him to exhaust his

unexhausted claims in state court.  On November 4, 2005, Petitioner filed a motion that asked me

to vacate my June 27, 2005 Order and to stay and hold in abeyance his Petition.  Petitioner

supplied a proposed Amended Petition to this court on February 16, 2006.  Petitioner

acknowledges in his Amended Petition that proposed amended claims four, five, six, seven,

eight, and nine are currently unexhausted and pending before the state court in the resubmitted

440 motion to vacate. (Am. Pet. for Habeas Corpus.)

## II.  DISCUSSION

Although *pro se* Petitioner's present motion indicates that it is a motion for

reconsideration, the motion's substance makes it clear that Petitioner sought to file a renewed

motion for stay and abeyance, and so, the court will consider the present motion as such.[2]  See

Castro v.  United States, 540 U.S. 375, 381-82 ("Federal courts can sometimes ignore the legal

label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it

within a different legal category. . . .  They may do so in order to . . . create a better

correspondence between the substance of a *pro se* motion's claim and its underlying legal

basis.") (citations omitted); see also United States v. Detrich, 940 F.2d 37, 38 (2d Cir.  1991).

Furthermore, since Petitioner is filing *pro se*, I must judge his pleadings by a more lenient

---

[2] Petitioner's motion states "Petitioner will move this Court . . . for . . .
RECONSIDERATION by this Court of its June 27, 2005, Order denying a stay and dismissing
the unexhausted claims which are currently pending in the lower court."  (Pet. Notice of Mot. 1.)

standard than that accorded to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); accord Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [the *pro se* party's] supporting papers liberally, and will interpret them to raise the strongest arguments they suggest."), Hanlin v. Mithchelson, 794 F.2d. 834, 838-39 (2d Cir.1986) (citing Haines to support the principle that *pro se* pleadings are given a liberal construction).

## A. Motion for Stay and Abeyance

### 1. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) petitioners must first exhaust their claims in state court before proceeding with their federal habeas petitions. See 28 U.S.C. § 2254(b)(1)(A). In addition, AEDPA imposes a one-year statute of limitations on habeas corpus petitioners. See 28 U.S.C. § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," the filing of a petition for habeas corpus in federal court does not toll the statute of limitations. See 28 U.S.C. § 2244(d)(2); see also Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

The Supreme Court recently held that AEDPA limits the circumstances in which a district court may grant a motion for stay and abeyance of a Petition containing exhausted and unexhausted claims (a "mixed" petition). Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Court held that, "stay and abeyance is only appropriate when the district court determines there was ***good cause*** for the petitioner's failure to exhaust his claims first in state court." Id. (emphasis added).

## 2. Petitioner's Good Cause Reasons for Stay and Abeyance

Upon a careful review of Petitioner's renewed motion for a stay and abeyance and its supporting memorandum, this court finds no good cause reason as to why Petitioner submitted his federal habeas petition prior to exhausting his claims in state court. Applying the good cause standard put forth in Rhines, the Second Circuit has held that a petitioner must, at the very least, demonstrate that a petitioner's failure to exhaust is attributable to "external factors," i.e., that the reasons for the failure are not attributable to the petitioner. See Ramdeo v. Phillips, 2006 WL 297462 at *5-*6 (E.D.N.Y. Feb 8, 2006); Bryant v. Greiner, 2006 WL 1675938 at *6 (S.D.N.Y. June 15, 2006). In the instant case, Petitioner articulates three reasons why a stay and abeyance should be granted, none of which this courts finds to meet the Second Circuit's threshold application of the good cause standard put forth by the Supreme Court in Rhines.

Petitioner first discusses allegations of prosecutorial misconduct, citing, among other things, the District Attorney's failure to file motions in the present case in a timely manner. (Pet.'s Mem. 5.) For example, Petitioner states: "As a result of [Respondent's] failure to comply with this Court's orders on numerous occasions, Petitioner has been prejudiced and now finds himself, by the herein application, explaining why unexhausted claims should be stayed and reviewed by this Court." (Id.) But while prosecutorial delay can be credited for delaying Petitioner's ability to have sufficient time to reply to pleadings in the instant case, it provides the court with no rationale as to why Petitioner filed his habeas petition in federal court before exhausting his claims in state court. This court notes, therefore, that all allegations of prosecutorial delay are irrelevant to Petitioner's present motion, as they do not relate to a showing of why Petitioner first failed to exhaust his claims in state court before proceeding with

his federal habeas petition.

Next, Petitioner's motion and supporting memorandum provide a lengthy description for why he failed to file a motion to vacate with regard to claims in a second Petition for habeas corpus also currently before this court in the case of King v. Phillips, No. 03-CV-6045. Specifically, Petitioner argues that he failed to file a 440 motion prior to submitting his federal habeas Petition in King v. Phillips, No. 03-CV-6045, because the State had not provided him with the documents necessary to support such a motion. (Pet.'s Mem. 5.) Petitioner has not, however, raised this point with respect to the instant Petition and thus, it is irrelevant to our consideration of the instant motion.

Finally, Petitioner suggests that the reason he filed his federal habeas petition prior to re-submitting his motion to vacate was because of the wording of the federal habeas corpus forms. Petitioner points to paragraph 12 of the relevant form, which states:

> [c]aution: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all the grounds in this petition, you may be barred from presenting them at a later date.

(Pet.'s Mem. 16.) (citing Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App.) After citing the section noted above, Petitioner states:

> Had such a section or provision not existed with the District Court state prisoner's habeas corpus forms, Petitioner would not have had [sic] introduced the unpreserved issues which were undeveloped. Instead, he would have properly developed them, presented them to the lower courts and then perused [sic] them at a later time in federal court, if the need to so became necessary. Alternatively, Petitioner would not have requested a stay. Instead, he would have requested to return to federal court without prejudice after developing the claims and presenting them to the courts if the need to so became necessary.

(Pet.'s Mem. at 16.) Petitioner's reasoning does not provide a good cause reason for his failure

to exhaust his state claims before pursuing his federal habeas petition. If anything, this portion of

the form placed Petitioner on notice of the need to exhaust his state court remedies on each

ground before proceeding to federal court.

While the court is sympathetic to the difficulties Petitioner may have faced in bringing

litigation on multiple fronts under trying circumstances, it is also obliged to adhere to AEDPA

and the limitations on review that it imposes. Taking into account the procedural history in this

case and the nature of Petitioner's claims, the court finds that Petitioner has not made the

requisite showing of good cause to justify staying his petition so that he may exhaust his

unexhausted claims.

For these reasons, Petitioner's request for a stay of his petition is denied.

**B.    Request for Permission to Amend Petition**

**1. Standard of Review**

Since this Court finds that petitioner has not demonstrated "good cause" for granting a

stay of the instant habeas proceedings, it would be futile to grant him leave to amend his petition

to the extent that he seeks to add unexhausted claims. See Ramdeo v. Phillips, 2006 WL 297462

at *7 (E.D.N.Y. 2006). Accordingly, this court denies Petitioner's proposed motion to amend his

habeas petition with respect to grounds four, five, six, seven, eight, and nine as they relate to

claims on the currently pending 440 motion to vacate and have not been previously exhausted.

Claims one, two, and three of Petitioner's proposed amended petition may relate to

claims raised on direct appeal and thus may be properly exhausted. Therefore, a different

analysis is necessary to determine if these proposed amendments should be allowed.  The recent

Supreme Court case, Mayle v. Felix, 125 S.Ct. 2562 (2005), addressed the standard for allowing

federal habeas petitioners to amend their habeas corpus petition.  In Mayle, the Court held that

under Fed. R. Civ. P. 15 amendments to a pleading may not be made after the statute of

limitations has run unless the amendment relates back to the date of the original pleading.  Id. at

2569.  The Court further held that "[a]mendments made after the statute of limitations has run

relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out

of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

pleading.'"  Id. (citing Fed R. Civ. P. 15(c)(2)).  The Court then rejected the petitioner's claim

that a  "trial, conviction, or sentence" constitutes the "conduct, transaction, or occurrence"

contemplated by Rule 15, noting that if it were to find otherwise, all amendments would relate

back because any claim made in a habeas petition, by its very nature, is an attack on the

underlying criminal proceedings.  Id. at 2573-4.  Instead, only claims "that are tied to a common

core of operative facts" qualify for relation back.  Id. at 2574.   The Court clarified that when a

new ground for relief is supported by facts that differ in both time and type from those the

original pleading set forth, relation back would not be proper.  Id.. at 2566.

Courts in this district have applied Mayle's standard for relation back in recent cases,

providing guidance on the meaning of "common core of operative facts."  For example, in

Aboushi v. U.S., the court held that the claim raised by Petitioner in his amended petition arose

from the same set of operative facts as the claims in his original Petition because both related to

the court's sentencing enhancements.  See 2005 WL 3369094, slip op. at *1 (E.D.N.Y. Dec. 12,

2005) (F.B.).  Hiraldo v. U.S., held that Petitioner's ineffective assistance of counsel claim arose

from a common core of operative facts as his original claim challenging the calculation of his base offense level.  See 2006 WL 1794775, slip op. at *4 (E.D.N.Y. June 7, 2006) (S.J.).  Thus, a claim is found to arise from a common core of operative facts when it, "essentially repeat[s] and, to some extent, clarif[ies] the claims initially asserted in the original petition." U.S. v. Porter, 2005 WL 3344828, at *9 (E.D.N.Y. Nov. 18, 2005) (VP).

**2.  Relation Back of Grounds One, Two, and Three to Original Petition**

As Petitioner's Amended Habeas Petition was filed well after the § 2244 one-year statute of limitations period had expired, this court must decide whether the Amended Petition "relates back" by determining whether claims one, two, and three are tied to the same common core of operative facts as those included in his initial habeas Petition.

Applying the standard in Mayle and mindful of its application in the Second Circuit, the court finds that grounds one, two, and three are sufficiently tied to the same common core of operative facts as the original petition.  Petitioner's first proposed amended claim relates back to the original petition since it essentially re-alleges ground four of his original Petition in which he stated that the prosecution intentionally violated the "Speedy Trial Act of 1974" (Pet. for Habeas Corpus at Ground Four.).  Now Petitioner alleges that the State did not bring him to trial within a statutorily imposed time limit, which refers to the same set of facts, i.e. the potential that the Prosecution violated the statute of limitations, but merely restates the claim by generalizing it.  Proposed amended claim two relates back to the original Petition since it restates ground four of his original Petition in which he alleged that the jury was wrongly influenced by wrongfully elicited witness statements. (Pet. for Habeas Corpus at Ground Four.)  Petitioner now alleges that

he was denied his right to a fair trial by the same witness statements elicited during the course of his original trial, which relates back to the original Petition since the proposed claim is simply restating his original claim in terms of violation of due process rights instead of jury misconduct, but still relates to the same facts, i.e. potential prosecutorial misconduct during his trial. Finally, the court finds that Petitioner's proposed amended claim three alleging that the Prosecutor's comments made during the closing argument at trial denied his right to a fair trial relates back to ground four of his original Petition in which he alleged that the trial jury was wrongfully influenced by the Prosecutor's closing argument (Pet. for Habeas Corpus at Ground Four.) since the proposed claim is again restating his original claim in terms of violation of due process rights instead of jury misconduct, but still relates to the same facts, i.e. prosecutorial misconduct during his trial. All of these proposed amendments either restate or clarify claims in the original Petition, and relate back to facts in that Petition, thus are of the same type and time.

Therefore, this court denies Petitioner's motion to amend in part and allows it in part. With respect to proposed amended claims four, five, six, seven, and eight, Petitioner's motion to amend is denied. With respect to proposed amended claims one, two, and three, Petitioner's motion to amend is allowed. Petitioner's proposed Amended Petition as it relates to these three claims shall be added to the original Petition. All other aspects of the original petition will remain unchanged.

### C. Request for an Extension of Time

Petitioner's request for an extension of time to respond to Respondent Attorney's August 23, 2005 Affidavit and Memorandum of Law is hereby granted. Petitioner's response shall be

due thirty days from the date of this Order.

## III.  CONCLUSION

For the reasons set forth above, Petitioner's request for a stay of his petition is DENIED. Petitioner's motion to amend is DENIED in part and ALLOWED in part.  With respect to proposed amended claims four, five, six, seven, and eight, Petitioner's motion to amend is DENIED.  With respect to proposed amended claims one, two, and three, Petitioner's motion to amend is GRANTED.  Petitioner's proposed Amended Petition as it relates to these three claims shall be added to the original Petition.  All other aspects of the original petition will remain unchanged.  Petitioner's request for an extension of time to respond on the merits to Respondent's August 23, 2005 Affidavit and Memorandum of Law is hereby granted.  Petitioner's response shall be due thirty days from the date of this Order.

SO ORDERED.

Dated: October 3, 2006                                              /s/
          Brooklyn, N.Y.                              Nicholas G. Garaufis
                                                          United States District Judge